IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-104 |
| vs. | MEMORANDUM AND ORDER |
| ROMAN GABRIEL HARLAN, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 113 and filing 115) filed by the defendant, Roman Harlan. The motion was timely filed less than 1 year after the defendant's conviction became final.[1] *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge

---

[1] To make sure the record is clear: the Court received the defendant's motion in two parts that were received on different days despite being mailed at the same time. *See* filing 113; filing 115. But both were timely based on the postmark. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). The Court also received a subsequent § 2255 form that wasn't timely. *See* filing 116. But it doesn't appear that the subsequent filing contains much in the way of additional claims—rather, it elaborates on the claims contained in the previous motion. So, the Court has construed that as a brief supporting the defendant's motion.

> must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra,* 600 F.3d at 906.

## BACKGROUND

The defendant was convicted pursuant to jury verdict of two counts of assaulting an intimate partner by strangling in violation of 18 U.S.C. §§ 113(a)(8) and 1153, one count of assault with a dangerous weapon in violation of §§ 113(a)(3) and 1153, and one count of domestic assault by an habitual offender in violation of 18 U.S.C. § 117. *See* filing 80. He was sentenced to 90 months' imprisonment for two counts of strangling and one count of assault with a dangerous weapon, and 60 months' imprisonment for domestic assault by a habitual offender, sentences to be served concurrently. Filing 80. He appealed the Court's denial of his request for new counsel, order continuing trial, refusal to permit him to proceed *pro se* mid-trial, and an excessive sentence—but the Court of Appeals affirmed the judgment and sentence. *See United States v. Harlan,* 960 F.3d 1089 (8th Cir. 2020).

DISCUSSION

The defendant's filings raise a number of issues, most of which are not well-explained. To the extent they can be identified, the Court sees six discrete issues that have been presented, all of which are premised (at least in part) on alleged ineffective assistance of counsel:

1. Counsel was providing information "to the other lawyer and the FBI agent." Filing 115 at 4.
2. Counsel didn't raise an alleged conflict of interest between the "lead cop" and the victim based on a harassment charge the victim had allegedly made, and law enforcement's failure to collect evidence or perform DNA testing. Filing 115 at 4-5; filing 116 at 5.
3. Counsel didn't allege prosecutorial misconduct when the victim changed her account several times and lied under oath. Filing 113 at 2; filing 115 at 4, 6; filing 116 at 6.
4. Counsel didn't file a motion to suppress. Filing 116 at 5.
5. Counsel didn't complain about the fact that a "new pre-sentence investigation report" wasn't done. Filing 115 at 4; filing 116 at 6.
6. Counsel didn't point out that the defendant wasn't given *Miranda* warnings after being arrested. Filing 115 at 4.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688.

However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States*, 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In this case, none of the defendant's claims have merit: as explained below, none of his allegations suggest either deficient performance by counsel or that the defendant was prejudiced by counsel's performance in any way.

### PROVIDING INFORMATION TO GOVERNMENT

The defendant alleges that his counsel was providing information to "the other lawyer" (presumably the Assistant U.S. Attorney) and "the FBI Agent" (presumably the government's case agent). Filing 115 at 4. But without knowing what was provided and why, it's impossible to conclude either that counsel's performance was deficient or that the defendant was prejudiced by it. In point of fact, the defendant was *obliged* to provide information to the government at some point: the defendant requested discovery pursuant to Fed. R. Crim. P. 16, *see* filing 8, so he was obliged to reciprocate under that rule and NECrimR 16.1. And it certainly wouldn't be deficient performance to comply

- 4 -

with court rules. *See United States v. Poke*, No. 17-cv-50205, 2021 WL 1648120, at *5 (N.D. Ill. Apr. 27, 2021).

CONFLICT OF INTEREST BETWEEN INVESTIGATOR AND VICTIM

The defendant alleges that the victim had lodged a harassment charge against the first officer to arrive at the crime scene,[2] creating a "conflict of interest." Filing 115 at 4-5; filing 116 at 5. According to the defendant, counsel told him that "it did not matter." Filing 116 at 5. Nothing before the Court suggests that counsel's assessment was wrong. It's wholly unclear why any conflict between the victim and officer would provide either with a motive to testify falsely or otherwise act against the defendant. (In fact, to the extent it suggests anything it would seem to suggest the opposite.) The Court cannot say that counsel performed deficiently, or that the defendant was prejudiced, by counsel's decision not to pursue this issue.

DNA TESTING

The defendant alleges that counsel was told "that the first officer on the crime scene never picked up any of The Evidence, Like the Bloody shrit [sic] and the Knife's [sic] and never did a DNA Forensic Test on the Knife's [sic]." Filing 116 at 5. But counsel allegedly said he hadn't investigated those matters because the defendant was found at the crime scene. Filing 116 at 5.

The victim's blood-soaked short, however, was taken by law enforcement and presented as evidence at trial. Filing 97 at 54; filing 98 at 63. The

---

[2] There were two separate incidents at issue here: an alleged strangulation on June 10, 2017, and a strangulation and assault with a dangerous weapon (specifically, a pair of knives) on March 17, 2018. *See* filing 27. Here, the Court infers that the defendant is referring to the scene of the March 17, 2018 assault.

defendant doesn't explain why it would matter which officer seized it. And with respect to the failure to DNA-test the knives that allegedly cut the victim, counsel did what he could: he cross-examined the law enforcement witnesses about it, then he pointed it out during closing argument. Filing 98 at 69, 103. There was no ineffective assistance of counsel here.

### WITNESS ALLEGEDLY LIED UNDER OATH

Perhaps the defendant's most serious accusation is that the victim changed her account and lied under oath. Filing 113 at 2; filing 115 at 4, 6; filing 116 at 6. He claims this was prosecutorial misconduct and it was ineffective assistance of counsel not to raise it. Filing 113 at 2; filing 115 at 6; filing 116 at 6. But counsel did raise it, repeatedly, on cross-examination and in closing argument: specifically, he cross-examined the victim extensively on inconsistencies among her various statements, he examined the officers to whom those statements were made to demonstrate how they were contrary to the victim's testimony at trial, and he premised most of his closing argument on the victim's testimony being incredible. Filing 97 at 94-100, 132-35; filing 98 at 64-66, 99-100, 103-07. The jury simply believed the victim.

To the extent that the defendant is trying to directly assert error based on prosecutorial misconduct, that argument has been waived because it wasn't raised on direct appeal: Claims not raised on direct appeal are procedurally defaulted and may not be raised under § 2255 unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence. *United States v. Moss*, 252 F.3d 993, 1000 (8th Cir. 2001). The defendant has made no credible showing of actual innocence, and the only potential cause for the default is ineffective assistance of appellate counsel. A claim of ineffective assistance of appellate counsel requires the movant to show that counsel was objectively unreasonable in failing to discover these issues

and raise them on appeal, and that but for counsel's failure to raise them, he would have prevailed on his appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). The defendant hasn't made that showing here.

To obtain relief based on a claim that the government elicited false testimony the defendant must show: (1) the prosecution used perjured testimony; (2) it knew or should have known the testimony was perjured; and (3) there was a reasonable likelihood that the perjured testimony could have affected the verdict. *United States v. Iron Crow*, 970 F.3d 1003, 1008 (8th Cir. 2020). The victim's testimony certainly affected the verdict, and the Court will (for purposes of this motion) accept at face value the defendant's allegation that the testimony was false, but even if it was there is no basis to believe the prosecution knew or should have known that. While the victim's different statements contain inconsistencies, she did consistently say that she was assaulted and that the defendant was her assailant. *See* filing 97 at 136-37; filing 98 at 70. The defendant has provided nothing to suggest the prosecution behaved improperly by accepting her account.[3] *See United States v. Bass*, 478 F.3d 948, 951 (8th Cir. 2007). Rather, any inconsistencies in her testimony were for the jury to resolve. *See United States v. Garrison*, 168 F.3d 1089, 1094 (8th Cir. 1999).

In sum, the defendant hasn't alleged enough to suggest that actual prosecutorial misconduct occurred. So, he also hasn't alleged enough to suggest

---

[3] Particularly in the context of a domestic violence offense, where it's not uncommon for a victim's account to change depending on the victim's relationship with the assailant and how threatened the victim feels at the time. *Cf. Giles v. California*, 554 U.S. 353, 377 (2008). There was a ready explanation for why the victim might have minimized the defendant's participation in the immediate aftermath of the assault, but felt able to testify more freely at trial a few months later after the defendant had been taken into federal custody.

that counsel was deficient, or that he was prejudiced, by counsel's failure to raise prosecutorial misconduct as an issue before the trial court or on appeal.

MOTION TO SUPPRESS

The defendant complains that he asked counsel to file a motion to suppress evidence, but counsel never did. Filing 116 at 5. A motion to suppress what evidence, on what basis? He doesn't say. The failure to file a motion to suppress isn't ineffective assistance of counsel *per se*. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Instead, the Court must look to whether a motion to suppress, if made, would have succeeded. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983); *see also Eastin v. Hobbs*, 688 F.3d 911, 917 (8th Cir. 2012). Obviously, the defendant hasn't shown that it would.

NEW PRESENTENCE REPORT

The defendant's next allegation is something of a mystery: he seems to believe that at some point, a "New Pre-Sentence Investigation Report" should have been done. Filing 115 at 4. But counsel allegedly said it didn't matter "because we are going to trial and they [are] going to give me what they want to." Filing 116 at 6. The Court doesn't know what to do with that. Obviously, the presentence report wasn't prepared until *after* the trial. *See* filing 65. And counsel made and preserved his objections to the presentence report that was prepared, although they were overruled. *See* filing 69; filing 76; *see also* filing 77 at 23. In the absence of any other allegations adding substance or clarity to this argument, the Court can't find ineffective assistance of counsel.

*MIRANDA* WARNINGS

Finally, the defendant claims that he wasn't given *Miranda* warnings after he was arrested. Filing 115 at 4. It's not clear why that matters—a failure

to give *Miranda* warnings isn't a get-out-of-jail-free card. Police officers are not required to administer *Miranda* warnings to everyone whom they question. *Oregon v. Mathiason*, 429 U.S. 492, 495 (1977). And the consequence of failing to warn a suspect of his rights before a custodial interrogation is that generally, any confession obtained will be inadmissible at trial. *See Missouri v. Seibert*, 542 U.S. 600, 608 (2004).

So if it's true that the defendant wasn't given *Miranda* warnings, and if he was subjected to custodial interrogation and made a statement, and if the government had sought to admit that statement into evidence at trial, then an objection might have been appropriate. But no evidence of a custodial statement was presented at trial. *See* filing 97; filing 98. So there was no reason to object, and the defendant has shown no prejudice from the failure to object or, indeed, from any failure to give *Miranda* warnings. *See Reynolds v. Lockhart*, 497 F.2d 314, 315 (8th Cir. 1974); *see also United States v. Jones*, 266 F.3d 804, 815 (8th Cir. 2001).

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 113 and filing 115) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 1st day of November, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge