IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-104 |
| vs. | ORDER |
| ROMAN GABRIEL HARLAN, | |
| Defendant. | |

The defendant has filed a motion (filing 122; filing 123) to reopen the time for him to appeal from the denial of his 28 U.S.C. § 2255 motion (filing 113; filing 115). The Court will grant that motion.

The defendant's § 2255 motion was denied, and judgment entered, on November 1, 2021. Filing 118. He had 60 days to appeal. *See* Fed. R. App. P. 4(a)(1)(B); *United States v. Hayman,* 342 U.S. 205, 209 n.4 (1952); *Lewis v. United States,* 555 F.2d 1360, 1362 (8th Cir. 1977). Because that landed on a holiday this year, the time for him to appeal ran on January 3, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

The defendant alleges he didn't receive timely notice that his motion had been denied. *See* filing 122. And pursuant to Rule 4(a)(6), the Court may reopen the time to appeal if:

**(A)** the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry;

**(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . , whichever is earlier, and

**(C)** the court finds that no party would be prejudiced.

The Court finds that those criteria are met here. First, the Court has no reason to discredit the defendant's claim that he didn't receive the notice sent to him. *See Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005). Second, the Court infers that the defendant became aware of the denial of his § 2255 motion via the Magistrate Judge's order of January 25, 2022 denying his motion for appointment of counsel. Filing 120. Allowing for the time it took for that order to reach him in the mail, his motion to reopen postmarked February 10 was timely. *See* filing 122 at 2. And finally, the government has not responded to the motion to reopen, meaning that the defendant's factual allegations are uncontested and that there is no basis to conclude that the government would be prejudiced. *See* NECivR 7.1(b)(1).

IT IS ORDERED:

1. The defendant's motion to reopen (filing 122; filing 123) is granted.

2. The defendant's filing of February 28, 2022 (filing 123), construed by the Eighth Circuit as a notice of appeal, is deemed timely filed.

3. The Clerk of the Court is directed to provide the defendant with a copy of this order as well as copies of the Court's Memorandum and Order (filing 117) and Judgment (filing 118) of November 1, 2021.

Dated this 8th day of March, 2022.

BY THE COURT:

_____
John M. Gerrard
United States District Judge